IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS GENE INGRAM, #361768       *
       Plaintiff,
v.       *  CIVIL ACTION NO. ELH-12-2625

LAWRENCE MANNING, M.D.       *
MICHAEL A. DOUGHTY, DPM
       Defendants.       *
       *****

**MEMORANDUM**

Douglas Gene Ingram, plaintiff, filed suit on September 4, 2012, seeking compensation for "misleading malpractice misdiagnosis…and negligent reports."[1] Ingram asserts that he was diagnosed with an "Achilles tendon rupture[2] and avulsion fracture[3] of the right calcaneus"[4] and was advised that "he will need an exploration of the right calcaneus with Achilles tendon repair with

---

[1] Plaintiff filed this action while confined at the Jessup Pre-Release Unit. According to the Division of Correction Office of Data Processing and Prison Locator website, he is currently housed at the Jessup Correctional Institution. The Clerk shall amend the docket to reflect his current address.

[2] The Achilles tendon is a strong fibrous cord that connects the muscles in the back of one's calf to the heel bone. If one overstretches the Achilles tendon, it may tear (rupture). An Achilles tendon rupture is an injury that affects the back of one's lower leg. It most commonly occurs in people playing recreational sports. Surgery is often the best treatment option to repair an Achilles tendon rupture. For many people, however, non-surgical treatment works just as well. *See* www.mayoclinc.org/...achilles-tendon-rupture.

[3] An avulsion fracture occurs when a small chunk of bone attached to a tendon or ligament gets pulled away from the main part of the bone. Treatment typically includes resting and icing the affected area, followed by controlled exercises that help restore range of motion, improve muscle strength, and promote bone healing. *See* www.mayoclinc.org/avulsion-fracture/expert.

[4] The calcaneus is the largest tarsal bone, forming the prominence of the heel.

open reduction, internal fixation with anchor sutures with splint application." ECF No. 1. Plaintiff complains that he has been in pain for many months, but there have been conflicting reports as to whether he is to receive surgery or physical therapy. He accuses defendants, an orthopedic surgeon and a podiatrist, of medical malpractice and seeks compensatory damages totaling $2,000,000.00.

Each defendant has moved to dismiss. ECF Nos. 16 & 18. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was notified of his rights and obligations to file responsive pleadings. *See* ECF Nos. 17 & 19. Plaintiff sought and was granted additional time to file his opposition. ECF Nos. 21 & 22. Notwithstanding the extension afforded to plaintiff, he did not respond.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, defendants' motions shall be granted and the complaint shall be dismissed.

**Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). Such a motion constitutes an assertion by a defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 n.3 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Id.* at 555. But, the rule demands more than bald accusations or mere speculation. *Id.*; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing a motion to dismiss, the court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). However, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555. Similarly, the defendant's motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted). Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Monroe*, 579 F.3d at 385–86.

"A court decides whether [the pleading] standard is met by separating the legal conclusions

3

from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy he or she seeks. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1960, 182 L. Ed. 2d 772 (2012). "'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted); *accord Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1201-02 (10th Cir. 2011) ("When reviewing a 12(b)(6) dismissal, 'we must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.' Dismissal is appropriate if the law simply affords no relief.") (internal citation omitted).

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, in evaluating the complaint, the court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Id.*[5]

## Discussion

Defendants contend that plaintiff has failed to state a claim for relief under F.R. Civ. P. 12(b)(6). Defendant Manning also relies on Rule 12(b)(1). Both assert that this court lacks jurisdiction because the complaint does not involve a federal question. In particular, they point out that plaintiff has only raised issues of negligence/medical malpractice and, in the absence of diversity of citizenship among the parties, this court has no authority to resolve such a case. Defendants further assert that plaintiff provides no factual basis in support of a constitutional claim, nor does he seek relief under 42 U.S.C. § 1983.[6] Moreover, defendants point out that, even if there were diversity jurisdiction, plaintiff's medical malpractice claims are subject to the mandatory arbitration provisions of the Maryland Health Care Malpractice Claims Act, by which he must first file his malpractice claim with the Maryland Health Care Alternative Dispute Resolution Office. *See* Md. Code, §§ 3-2A-01 *et seq.* of the Courts and Judicial Proceedings Article. The court concurs.

Plaintiff asserted federal jurisdiction under 28 U.S.C. § 1343. That provision confers jurisdiction on a federal district court over any civil action to redress the deprivation, under color of

---

[5] A motion asserting failure of the complaint to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted), unless such a defense can be resolved on the basis of the facts alleged in the complaint. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

[6] In his Complaint, plaintiff expressly states that his suit is not an action under 42 U.S.C. § 1983. See ECF 1, ¶ A. He affirms that he is filing the action under 28 U.S.C. § 1343(a)(3), the jurisdictional counterpart to certain civil rights statutes. ECF No. 1 at p. 1. But, he has not lodged any claims under any of the substantive statutes to which § 1343 applies.

any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. *See* 28 U.S.C. § 1343(3). Plaintiff provides no facts indicating he was denied access to medical care for his condition, which could give rise to a claim under the Eighth Amendment. Plaintiff's allegations are simply that the medical providers were negligent and committed medical malpractice. That amounts to a tort claim.

As indicated, 28 U.S.C. § 1343 confers a remedy for the enforcement of rights arising under the Constitution or federal law. But, it does not otherwise create rights. *See Howard v. State Dep't. of Highways of Colorado*, 478 F.2d 581, 585 (10th Cir. 1973). It was plainly plaintiff's intention to sue defendants under a theory of medical malpractice. Such a claim is neither a constitutional one nor one arising under federal law.

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. In order to meet the standard for liability under 42 U.S.C. § 1983, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. It is only such indifference that can offend "evolving standards of decency," in violation of the Constitution's Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (mere malpractice or negligence in the diagnosis or treatment of a condition does not state a constitutional claim); *see also Pool v. Sebastian County, Arkansas*, 418 F.3d 934, 942 (8th Cir. 2005). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure that the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

This court does not sit to review every claim related to alleged tortious conduct involving non-federal parties. Not every lapse in medical care provided to a prisoner will rise to the level of a constitutional violation. *See Gindraw v. Dendler*, 967 F.Supp.833, 836-37 (E.D. Pa. 1997). Alleged medical negligence does not become a constitutional violation merely because the person affected is a prisoner.

Plaintiff has made clear that this case is not filed under 42 U.S.C. § 1983. Thus, this court has authority to review his medical malpractice claims only if filed pursuant to a federal district court's diversity of citizenship jurisdiction, or as a supplemental pendant state-law claim in a case in which there is underlying jurisdiction, such as federal question jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Tigrett v. Rector & Visitors of Univ. of Va.,* 137 F. Supp.2d 495, 514 (E.D. N.C. 2012)*, aff'd,* 290 F.3d 620 (4th Cir. 2002). When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Here, all parties are domiciled in Maryland. Therefore, the complaint does not satisfy diversity of citizenship requirements. As a result, this court cannot entertain plaintiff's medical malpractice action.

**Conclusion**

Plaintiff has failed to name a defendant subject to liability under 42 U.S.C. § 1983. Nor has he set out facts to establish diversity jurisdiction. Therefore, the suit shall be dismissed.[7] A separate Order shall be entered reflecting the opinion set out herein.


Date: May 15, 2014                          /s/
                                            Ellen Lipton Hollander
                                            United States District Judge

---

[7] This ruling is without prejudice to any rights plaintiff may have to pursue claims of medical malpractice in State court. Under Maryland law, a claim of medical malpractice may proceed only after a review before the Maryland Health Claims Arbitration Board. *See* Md. Code, Cts & Jud. Proc., § 3-2A-01 et seq., *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007); *Davison v. Sinai Hospital of Balt. Inc.*, 462 F. Supp. 778, 779-81 (D. Md. 1978). The court expresses no opinion as to the viability or merits of such a claim.